CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
9/21/2018
JULIA C. DUDLEY, CLERK
BY: s/ CARMEN AMOS
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| BARRY D. LITTLES,<br><br>         *Plaintiff*,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>         *Defendant*. | CASE NO. 6:17-cv-00043<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on the parties' cross motions for summary judgment (dkts. 11, 14), the Report and Recommendation of United States Magistrate Judge Robert S. Ballou (dkt. 19, hereinafter "R&R"), and Plaintiff's objections to the R&R (dkt. 20). Pursuant to Standing Order 2011-17 and 28 U.S.C. § 636(b)(1)(B), the Court referred this matter to Judge Ballou for proposed findings of fact and a recommended disposition. Judge Ballou filed his R&R, advising this Court to deny Plaintiff's motion and grant the Commissioner's motion. Plaintiff timely filed his objections, obligating the Court to undertake a *de novo* review of those portions of the R&R to which objections were made. *See* 28 U.S.C. § 636(b)(1)(B); *Farmer v. McBride*, 177 F. App'x 327, 330 (4th Cir. 2006). The Court concludes this case must be remanded.

\*

A reviewing court must uphold the factual findings of the ALJ if they are supported by substantial evidence and were reached through application of the correct legal standard. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Bird v. Comm'r of SSA*, 669 F.3d 337, 340 (4th Cir. 2012). Substantial evidence requires more than a mere scintilla, but less than a preponderance, of

evidence. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001). A finding is supported by substantial evidence if it is based on "relevant evidence [that] a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam). Where "conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," the Court must defer to the Commissioner's decision. *Id*.

A reviewing court may not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for that of the ALJ. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (citation omitted). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)." *Id*. (quoting *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987)). "Ultimately, it is the duty of the [ALJ] reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Thus, even if the court would have made contrary determinations of fact, it must nonetheless uphold the ALJ's decision, so long as it is supported by substantial evidence. *See Whiten v. Finch*, 437 F.2d 73, 74 (4th Cir. 1971).

\* \*

Because Plaintiff does not object to the R&R's recitation of the factual background and claim history in this case, I incorporate that portion of the R&R into this opinion. (*See* R&R at 2–3). By way of summary, Plaintiff sought disability insurance benefits based on severe impairments from lumbar degenerative disc disease.

As an initial matter, the Court observes that Plaintiff listed, *seriatim* and in perfunctory fashion, seven objections to the R&R. (DKt. 20 at 1–2). It is well established, though, that general objections, or those without elaboration or analysis, are insufficient and warrant no

further consideration. *See*, *e.g.*, *King v. Rubenstein*, 825 F.3d 206, 223 (4th Cir. 2016); *United States v. Benton*, 523 F.3d 424, 428 (4th Cir. 2008); *Tyler v. Wates*, 84 F. App'x 289, 290 (4th Cir. 2003). Instead, the crux of Plaintiff's objection is that new evidence submitted to the Appeals Council—specifically, evidence from his doctors' about his May 2016 back fusion surgery and screw replacement—is material and requires remand to the Commissioner. (Dkt. 20 at 3–8). The Court turns to that issue.

The R&R concluded that the "additional records [from Drs. Stem and Joiner] are not materially different than those before the ALJ and there is not a reasonable possibility that they would change the ALJ's decision." (R&R at 9). The R&R did find, though, that the records relate back to the relevant time period, because they addressed the same degenerative disc disease Plaintiff has struggled with for years. (*Id.* at 10).

The Court agrees with the latter conclusion. *Wilkins v. Sec'y, Dep't of Health & Human Servs.*, 953 F.2d 93, 95–96 (4th Cir. 1991) ("The Appeals Council must consider evidence submitted with the request for review in deciding whether to grant review if the additional evidence is (a) new, (b) material, and (c) *relates to* the period on or before the date of the ALJ's decision." (emphasis added)). The main focus of the ALJ's opinion was Plaintiff's back history, pain, and impairment, and the new evidence undoubtedly pertains to the period at issue, given that the surgery was deemed a necessary follow-up procedure. The issue, then, is whether this new evidence is material—that is, whether "there is a reasonable possibility that the new evidence would have changed the outcome." *Wilkins*, 953 F.2d at 96; *e.g.*, *Parham v. Comm'r of Soc. Sec.*, 627 F. App'x 233 (4th Cir. 2015) (quoting *Meyer v. Astrue*, 662 F.3d 700, 705 (4th Cir. 2011)).[1] At the same time, in executing that inquiry, the Court must take care not to

---

[1] In briefing before this Court, the parties do not assert that the evidence is anything other than new. Indeed, the evidence is not duplicative or cumulative, because it pertains to late-breaking issues with Plaintiff's back.

3

overstep its bounds by deciding evidentiary conflicts, a task reserved for the Commissioner: *See King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979) (remanding where supplemental material, if considered, "might reasonably" have resulted in a different decision).

\* \* \*

To understand the materiality issue here, it is necessary to review exactly what the ALJ held. His March 28, 2016 decision found that Plaintiff's impairments "could reasonably be expected to cause the alleged symptoms." (R88). But he then concluded that "the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the evidence." (*Id.*). In other words, the ALJ found Plaintiff not credible. And the reasons for that lack of credibility turned largely on the supposed success of Plaintiff's prior treatment, as indicated by post-surgery reports. The ALJ wrote Plaintiff "appeared to respond well to surgery," had "some positive response to other, conservative treatment" after surgery, "reported doing better after surgery, "was cleared to wean off his back brace," and in sum "appeared to recover well from spine surgery." (R89). The ALJ also "further note[d]" that Plaintiff's inconsistent statements and occasional failure to follow through on treatment recommendations suggested "that his impairments are not as severe as alleged." (JA90).

In light of those rationales, the Court is constrained to find that the new evidence—*i.e.*, documentation of a follow-up surgery arguably showing Plaintiff had *not* recovered swimmingly from initial surgery—creates a reasonable possibility that the outcome below would have been different. The new evidence could reasonably be read as going to the heart of the ALJ's reasoning. The ALJ thought the post-surgery evidence showed a decent recovery and discounted Plaintiff's reports of pain accordingly. But the objective need for and completion of follow-up

4

surgery indicated continued issues with Plaintiff's back that could have continued to cause Plaintiff pain.

To be sure, the ALJ was aware that Plaintiff was *scheduled* to undergo surgery for double fusion and replacement of the screws. But he refused to hold open the record until that surgery had actually taken place, instead issuing his decision the day before the scheduled procedure. (R88 n.1, 94). Further, he did not factor the existence of the surgery into his analysis, instead opining that any attendant limitations were not "applicable to the period now at issue." (R88 n.1). That is hard to square with the facts that: (1) the relevant time period was "through the date of [the ALJ's] decision" (May 28, 2016), and (2) doctors recognized the need for surgery before that end date. (R72, 88 n.1, 94). Of course, had the record before the ALJ included the new evidence and been considered by him, the grounds stated in support of the ALJ's decision (and summarized in the R&R) might still satisfy the substantial evidence standard. Or they might not. The Court simply does not reach the issue because the question is reserved for the factfinder on remand. *King*, 599 F.2d at 599.

\* \* \* \*

After undertaking a *de novo* review of those portions of the R&R to which Plaintiff objected, the Court concludes the new evidence is material to the case. Accordingly, I will enter an order sustaining Plaintiff's objections, granting his motion for summary judgment, denying the Commissioner's motion for summary judgment, and remanding the case. The Clerk of the Court is directed to send a certified copy of this Opinion and the accompanying Order to counsel of record, and to United States Magistrate Judge Robert S. Ballou.

Entered this __21st__ day of September, 2018.

*/s/ Norman K. Moon*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE